UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:05CV376-EHJ

TEDDY ABNER                                                                                           PLAINTIFF

v.

JO ANNE BARNHART,
Commissioner of Social Security                                                            DEFENDANT

**MEMORANDUM OPINION**

Before this Court is plaintiff's challenge to the decision of the Commissioner denying his claims for disability insurance benefits. After thorough examination of the materials of record, the arguments of the parties and applicable authorities, the Court determines that the Decision of the Commissioner should be affirmed.

Mr. Abner filed his application for disability insurance benefits on June 10, 2003 alleging that he became disabled on February 1, 2000 as a result of problems with his lungs, shoulder, back, and joints (Tr. 57). After a hearing on October 20, 2004, Administrative Law Judge Roger Reynolds ("ALJ") determined that Mr. Abner suffers from severe impairments of chronic low back pain status post L4/L5 discectomy, chronic obstructive pulmonary disease secondary to nicotine abuse, and status post right ankle surgery with decrease range of motion, impairments that do not meet or medically equal listed impairments. Though he cannot return to his past relevant work, the ALJ found that plaintiff retains the residual functional capacity to perform the full range of medium work.

This Court's review of the Commissioner's findings is limited to determining whether they are supported by substantial evidence, 42 U.S.C. §405(g); Elam ex. Rel. Golay v. Commissioner, 348 F.3d 124, 125 (6th Cir. 2003). Where the Commissioner's decision is supported by substantial evidence, the reviewing court must affirm, Studaway v. Secretary of HHS, 815 F.2d 1074, 1076 (6th

Cir. 1987). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, Kirk v. Secretary of HHS, 667 F.2d 524 (6th Cir. 1981); Jones v. Secretary, 945 F.2d 1365 (6th Cir. 1991).

The substantiality of the evidence is to be determined based upon a review of the record taken as a whole, not simply some evidence, but rather the entirety of the record to include those portions that detract from its weight, Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984). So long as the decision of the Commissioner is supported by substantial evidence, it must be upheld by the court even though the record might support a contrary conclusion, Smith v. Secretary of HHS, 893 F.2d 106, 108 (6th Cir. 1989). The substantial evidence standard "presupposes that there is a zone of choice within which decision makers can go either way, without interference from the courts," Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*).

Plaintiff contends that the ALJ's Decision is erroneous in the following areas: 1) the consultative examination by Dr. Barefoot should have been given greater or controlling weight; 2) the ALJ's residual functional capacity finding is not supported by substantial evidence; 3) the ALJ's credibility findings are not adequately supported; and 4) the ALJ failed to properly examine the vocational expert at the hearing.

## WEIGHT OF THE MEDICAL OPINIONS

Plaintiff argues that the ALJ improperly weighed the medical opinions of Dr. Owen and Dr. Barefoot, both of whom were consulting physicians. The Court has reviewed the medical evidence of record, and notes that there is very little medical treatment during the plaintiff's disability period. Thus, the most pertinent medical evidence are the medical reports of Dr. Owen and Dr. Barefoot, both consultative physicians.

On July 30, 2003, Dr. James Owens examined plaintiff and found little clinical evidence of significant problems to support his complaints of hip, shoulder, and back pain and shortness of breath. Range of motion studies were within normal limits, except for some mild diminished range of motion in the ankle. Pulmonary function studies showed FEV-1 of 2.45 and FVC of 3.50, or 85% and 89% respectively. X-rays of the lumbar spine showed normal alignment, articular surfaces and spacing. Lateral views showed some mild diminished disc space at L5-S1, but was otherwise normal. Dr. Owen diagnosed status post back surgery with no evidence of ongoing radiculopathy and no pain syndrome, and chronic obstructive pulmonary disease with severe cigarette abuse. Dr. Owen's opinions regarding his ability to do work-related activity included that plaintiff would have mild to moderate difficulty lifting, handling and carrying objects, but his hearing, seeing, speaking and traveling would be minimally affected (Tr. 118-120).

Dr. James E. Ross subsequently provided a residual functional capacity assessment translating Dr. Owen's findings into functional findings (Tr. 126-129). Specifically, Dr. Ross found that, based upon the lack of clinical findings by Dr. Owen, plaintiff's condition is less than severe (or that plaintiff had no significant limitation of function at all, 20 C.F.R. §404.1521). Dr. Ross further opined that Dr. Owen's statements regarding plaintiff's work limitations were overstated.

On October 14, 2004, Dr. Jules Barefoot performed an independent medical examination of plaintiff at the request of plaintiff's counsel. Dr. Barefoot's findings included that plaintiff's left leg was somewhat larger than his right, and that he had moderate swelling of the right ankle and foot (Tr. 142-143). Neither of these findings were noted at Dr. Owen's examination of plaintiff. Additionally, plaintiff had been able to squat and had a normal gait at Dr. Owen's examination, but not at that of Dr. Barefoot's. Dr. Barefoot concluded that plaintiff could only sit, stand, or walk less

3

than two hours per eight hour work day, yet would need only three or four unscheduled breaks of 15-30 minute duration (Tr. 149).

Plaintiff argues that the consulting opinions of Dr. Barefoot should be given greater weight than those of Dr. Owen because Dr. Barefoot's examination and opinion were given closer in time to the hearing. However, the Court is not persuaded by this argument, given that the plaintiff has alleged disability since February of 2000, and Dr. Owen's examination occurred in July of 2003 (well within the disability period alleged). Additionally, the plaintiff urges that the disabling opinions of Dr. Barefoot should have been given greater weight than the less restrictive opinions of Dr. Owen. In reviewing non-treating physician opinions, an ALJ is to evaluate those opinions according to the factors set forth in 20 C.F.R. §404.1527(d)(2). The factors to be considered include supportability of the opinion by medical signs and laboratory findings, consistency of the opinion with the record as a whole, specialization, and other factors.

The ALJ noted that Dr. Barefoot's consultative exam was not in an attempt to seek treatment for plaintiff's symptoms, but rather to generate evidence for the social security case. When faced with the two conflicting consultative reports from Dr. Owen and Dr. Barefoot, the ALJ was bound to weigh the evidence and determine which of the opinions was more consistent with the objective findings. Though not stated explicitly in the Decision, it is clear that the ALJ found Dr. Owen's opinion to be more consistent with the limited objective findings than that of Dr. Barefoot. Based upon the opinions of Dr. Ross, the ALJ could have found no severe impairments at all. However, in an effort to give plaintiff the benefit of the doubt, the ALJ adopted the findings of Dr. Owens over those of Dr. Ross. The Court finds that the ALJ's properly weighed the conflicting evidence and the rejection of Dr. Barefoot's opinion is supported by substantial evidence.

## CREDIBILITY FINDINGS

Plaintiff argues that the Commissioner erred as a matter of law in assessing his credibility. SSR 96-7p provides instruction on credibility evaluation as follows:

> In general, the extent to which an individual's statements about symptoms can be relied upon as probative evidence in determining whether the individual is disabled depends on the credibility of the statements. In basic terms, the credibility of an individual's statements about pain or other symptoms and their functional effects is the degree to which the statements can be believed and accepted as true. When evaluating the credibility of an individual's statements, the adjudicator must consider the entire case record and give specific reasons for the weight given to the individual's statements.

20 C.F.R. § 404.1529(c) describes the kinds of evidence, including the factors below, that the adjudicator must consider in addition to the objective medical evidence when assessing the credibility of an individual's statements:

1) Your daily activities;

2) The location, duration, frequency, and intensity of your pain or other symptoms;

3) Precipitating and aggravating factors;

4) The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms;

5) Treatment, other than medication, you receive or have received for relief of your pain or other symptoms;

6) Any measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and

7) Other factors concerning your functional limitations and restrictions due to pain or other symptoms.

In his Decision, the ALJ specifically notes that he has considered both SSR 96-7p and the above-listed factors from 20 C.F.R. § 404.1529(c) in determining that the record does not support

the claimant's testimony regarding the intensity and persistence of his allegedly disabling symptoms (Tr. 19). In the paragraphs addressing credibility, the ALJ finds it significant that the plaintiff takes only over-the-counter medications, noting that he cannot afford prescription medications due to a lack of insurance (yet plaintiff can afford his pack-a-day cigarette habit). The ALJ's credibility findings take into account the plaintiff's daily activities, measures he takes to relieve pain, and the fact that "the record, however, does not support the claimant's testimony regarding the intensity and persistence of his symptoms, which he alleges are disabling." (Tr.19) This observation by the ALJ presumably references the lack of medical evidence and objective medical findings to support the degree of limitation that plaintiff alleges. Giving the plaintiff the benefit of the doubt, the ALJ concedes that the claimant likely may suffer some degree of pain and limitations, yet the ALJ did not find that they would preclude all work activity (Tr. 19).

A significant consideration in the evaluation of pain is the credibility of the claimant, given that tolerance of pain is very much an individual matter, Villareal v. Secretary, 818 F.2d 461, 463 (6th Cir. 1987). An ALJ may distrust a claimant's allegations of disabling symptomatology if the subjective allegations, the ALJ's personal observations, and the objective medical evidence contradict each other, Moon v. Sullivan, 923 F.2d 1175, 1183 (6th Cir. 1990). In other words, discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence, Walters v. Commissioner, 127 F.3d 525, 532 (6th Cir. 1997). While plaintiff disagrees with the ALJ's rejection of her credibility, it is nonetheless clear that the ALJ stated sufficient reasons for his credibility determinations, particularly with regard to the inconsistencies between plaintiff's testimony and the objective medical evidence. Accordingly, the Court declines to disturb the ALJ's credibility findings.

## RESIDUAL FUNCTIONAL CAPACITY

Residual functional capacity is an assessment of a claimant's remaining capacity for work once his or her limitations have been taken into account, Howard v. Commissioner, 276 F.3d 235, 239 (6th Cir. 2002); 20 C.F.R. §404.1545(a)(1). Residual functional capacity is what a claimant can still do on a sustained, regular, and continuing basis, Cohen v. Secretary of HHS, 964 F.2d 524 (1992). A claimant bears the burden of proof in establishing his or her residual functional capacity, Her v. Commissioner, 203 F.3d 388, 391-392 (6th Cir. 1999).

As noted previously, the ALJ extended plaintiff the benefit of the doubt in finding that he has limitations in excess of those indicated by Dr. Ross by adopting the clinical findings of Dr. Owen and an RFC consistent with Dr. Owen's findings. In sum, the Court finds that plaintiff has simply failed to meet the burden of proving a more extensive impairment than that found by the ALJ. Accordingly, the Court finds that the RFC adopted by the ALJ is supported by substantial evidence of record and comports with applicable law.

## VOCATIONAL TESTIMONY

Plaintiff claims that the ALJ failed to properly develop testimony as to the effect of Dr. Barefoot's restrictions on his ability to engage in work activity. Plaintiff argues that these were important issues of the case, yet did not himself ask questions of the vocational expert. The hearing transcript reflects that the ALJ had not yet reviewed Dr. Barefoot's report, so it was incumbent upon plaintiff to have asked any questions based upon that report. Instead, plaintiff characterized the vocational testimony as "favorable" to him, and thus chose not to question the vocational expert.

The Court observes that the testimony of the vocational expert in this case was not necessary for the finding of not disabled made in this case. Specifically, the evidence of record supported the

ALJ's residual functional findings that plaintiff was capable of performing the full range of medium work. Because there were no non-exertional limitations involved, the ALJ appropriately utilized the Medical-Vocational Guidelines of 203.12 and 203.18 in support of the denial, and the testimony of the vocational expert was not integral to the Decision.

## CONCLUSION

The ALJ has complied with applicable law in stating sufficient reasons to reject the largely unsupported report of Dr. Barefoot and for rejecting plaintiff's credibility. In addition, the ALJ's RFC findings are supported by substantial evidence and are entitled to this Court's deference. Regardless of whether this Court would have weighed the evidence differently to reach the opposite conclusion, there is no legal error in the ALJ's handling of these issues.

A Judgment in conformity with this Memorandum Opinion has this day entered.